Christopher M. Strong
Gloria C. Phares
HOFFMANN MARSHALL STRONG LLP
116 West 23rd Street, Suite 500
New York, NY 10011
(646) 741-4503

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————— x
                        :

CARL WOOLEY,

                         :

        Plaintiff,           **COMPLAINT**

                         :

      v.                  **JURY TRIAL DEMANDED**

                         :

THE VIANEL GROUP, LLC,

                         :

        Defendant.

                         :

—————————————————— x

Plaintiff, by his attorneys Hoffmann Marshall Strong LLP, alleges:

### PARTIES

1.    Carl Wooley ("Wooley"), a New York City resident, is a computer programmer, designer and photographer.

2.    Defendant The Vianel Group, LLC ("Vianel"), is a Delaware limited liability company that manufactures and sells high-end leather goods and accessories.

3.    On information and belief, Vianel is a company with a principal place of business at 39 West 14th Street, Suite 407, New York, N.Y.

4.    Vianel conducts business in the County of New York and operates websites—Vianelnewyork.com and V--studios.com—that are directed at consumers in the County of New York, the United States, and worldwide.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction under 28 U.S.C. § 1338(a), because this action arises under the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. This Court has supplemental subject matter jurisdiction over Wooley's state law contract claim under 28 U.S.C. § 1367(a).

6.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(a), because Vianel resides, conducts business, and may be found in the district, and a substantial part of the events giving rise to Wooley's claims occurred in this district.

## NATURE OF THE ACTION

7.     Wooley seeks damages and other remedies resulting from Vianel's unauthorized use of his copyrighted computer program, and for Vianel's breach of its contract to pay Wooley for the creation of his works.

## FACTUAL BACKGROUND

8.     On or about June 2013 Vianel hired Wooley to develop a website for the company and to create and provide product photographs for the website. When Wooley was hired, Vianel did not have an interactive website that was capable of allowing customers to purchase products online. Wooley was hired to develop the computer programming for Vianel's online presence from the ground-up. In email exchanges and meetings in person, Vianel described the general nature and appearance of the website, and Wooley developed and created the computer programming ("Programming") required to display the website.

9.     Wooley also created professional, detailed and specialized product photographs for Vianel's initial website launch and continued to create and provide all of the professional product photographs used on Vianel's website until March 2014 ("Photographs"). (Programming and Photographs are, collectively, the "Works.")

10.     As payment for the work he was to perform for Vianel, the parties agreed on a (a) base payment that Vianel paid Wooley for initial work required to create computer programming for the Vianel website, (b) an hourly rate of $125 per hour for any additional work, and (c) a separate payment schedule of $2000 per day for each product photography shoot and the resulting photographs Wooley delivered to Vianel. Vianel paid Wooley the initial base payment and for additional work performed through the end of 2013, but it did not pay him for any of the considerable additional Programming Vianel requested in 2014 or for some of the Photographs.

11.     Wooley is the sole author and copyright owner of the Works he created for Vianel's web site. The parties entered into no written agreement assigning the copyright in the Works to Vianel. Wooley's Program was registered with the United States Copyright office on August 4, 2015, Reg. No. TXu001951690, which may be found on the Copyright Office's Public Catalog at http://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?DB=local&PAGE=First.

12.     Wooley fully performed his obligations under the parties' contract. From June 2013 through June 2014, Wooley created and delivered the Works to Vianel under the terms of the parties' agreement. Vianel accepted the Works

and continually gave Wooley additional directions for expanding the scope of the project, which required the creation of additional Works.

13.    In reliance on the contract between the parties, Wooley continued to deliver new Works to Vianel through June 2014, and billed Vianel for them. While Vianel continued to request additional Programming and Photographs from Wooley, Vianel stopped paying Wooley for the additional Works he delivered after December 2013.

14.    At the time Wooley ceased working for Vianel in July 2014, he was owed $39,812.50, all of which is still unpaid.

15.    On September 3, 2015, counsel for Wooley informed counsel for Vianel that, due to Vianel's breach of its contractual obligations beginning after December 2013, Wooley would rescind his agreement with Vianel as of September 23, 2015, if the amounts due under the parties' contract was not paid. Counsel for Wooley informed Vianel's counsel that any use of Wooley's copyrighted works after September 23, 2015, would constitute copyright infringement in violation of 17 U.S.C. § 501, but that that would not relieve Vianel of its contractual obligations to pay Wooley for the amount it owed him before the date of rescission.

16.    Despite knowing that the continued use of the Programming after September 23, 2015, would constitute copyright infringement, Vianel continues to use and display the Programming. Vianel also has refused to pay Wooley the outstanding balance owed to him under the Parties' contract.

## CLAIM ONE
## (WILLFUL COPYRIGHT INFRINGEMENT OF THE COMPUTER PROGRAM)

17.    Plaintiff incorporates here the allegations of Paragraphs 1-16.

18.    Vianel, with full knowledge that Wooley owns the copyright in the Programming, and without authorization, continued to use the Programming after September 23, 2015, thereby infringing the copyright in the Programming by reproducing and distributing the Programming as part of its websites, Vianelnewyork.com and V--studios.com.

19.    The infringing conduct occurred in the County and State of New York.

20.    All of Vianel's infringing conduct was, and continues to be, willful.

21.    Vianel's acts have damaged and are continuing to damage Wooley in an amount and to an extent as yet unknown.

## CLAIM TWO
## (BREACH OF CONTRACT)

22.    Plaintiff incorporates here the allegations of Paragraphs 1 -21.

23.    The agreement between the parties constitutes a valid and enforceable contract between Wooley and Vianel.

24.    Wooley has fully performed all of his obligations under the contract.

25.    Vianel breached the contract by failing and refusing to pay Wooley for 278.50 billed hours of time at a rate of $125.00 an hour for Programming that Vianel requested and Wooley delivered.

26.     Vianel breached the contract by failing and refusing to pay Wooley for 2.5 days of services at a day rate of $2,000 to create some of the Photographs.

27.     As a direct and proximate result of Vianel's breach of the contract, Wooley has suffered monetary damages in an amount to be determined at trial but in no event less than $39,812.50, plus pre- and post-judgment interest.

WHEREFORE, Plaintiff demands judgement:

A.     That Vianel, its directors, officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, be enjoined and restrained permanently from infringing the copyrights in the Works, or any other of Wooley's works, in any manner, and from reproducing, displaying, publishing, advertising, promoting, selling, offering for sale, marketing, distributing or otherwise infringing the Works or assisting or authorizing such conduct in any way.

B.     That Vianel be required to pay Wooley such damages as Wooley has sustained in consequence of Vianel's infringement of the copyrights in the Program and to account for and pay Wooley all of Vianel's profits attributable to such infringement or, alternatively, as Wooley may elect, that Wooley be awarded such statutory damages as the Court may find just because of Vianel's willful acts of infringement.

C.     That Vianel pay to Wooley economic and consequential damages in an amount to be determined at trial but in no event not less $39,812.50 plus pre- and post-Judgment interest.

D.    That Vianel pay to Wooley the full costs of this action, including reasonable attorneys' fees under 17 U.S.C. § 505.

E.    That Wooley have such other relief as is just.

**JURY TRIAL DEMAND**

Wooley hereby demands a jury trial.

New York, New York
October 13, 2015

By:    _____
              Christopher M. Strong
              Gloria C. Phares

HOFFMANN MARSHALL STRONG LLP
116 West 23rd Street, Suite 500
New York, New York 10011
646-741-4503